UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLITA BLANCO,<br><br>                              Plaintiff,<br><br>-against-<br><br>HUD (2019) UNSOLICITED RESEARCH GRANT; (INFLUENCER) VALERIE PELS; COMPTROLLER BILL LANDER,<br><br>                              Defendants. | 25-CV-2229 (LLS)<br><br>ORDER OF DISMISSAL<br>WITH LEAVE TO REPLEAD |

LOUIS L. STANTON, United States District Judge:

   Plaintiff filed this complaint *pro se*, which the Court construes as asserting claims under 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act 28 U.S.C. §§ 1346(b)(1), 2680 (" FTCA" ). By order dated March 31, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The complaint is dismissed for the reasons set forth below

## STANDARD OF REVIEW

   The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

   Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to

interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" courts provide to *pro se* litigants, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true, but it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678-79. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

The following facts are drawn from the complaint in which Plaintiff SUES "HUD" (2019) Unsolicited Research Grant"; "(Influencer) Valerie Pels"; and Comptroller Bill Lander.[1] According to Plaintiff, HUD violated her "workers rights" and "human subject rights," which

---

[1] The Court understands "HUD" to be the United States Department of Housing and Urban Development, and takes judicial notice that Judge Valerie Pels sits in the New York State Supreme Court, New York County Family Court, and that Comptroller Lander's first name is Brad.

caused her "mental" and "emotion[al]" abuse.[2] (ECF 1 at 5.) She further alleges that Defendants engaged in "grant manipulation after providing over 5 years of research," and "use[d]" her "proposal to deter [her] grant to be use[d] to help nonworkers. Playing favoritism." (*Id.*) In the "injuries" section of the complaint, she alleges "parental slavery/trafficking"; "Labors & wages – under Law 14026 EO inconnection workers," "subcontractor wages," (*Id.* at 6.) Plaintiff seeks to have her grant approved so she can continue her work, lost wages, an apology, and a "letter dismissing charges filed by" Judge Pels. (*Id.*)

## DISCUSSION

**A.     The complaint fails to comply with federal pleading rules**

The complaint does not comply with Rule 8's requirement that it provide a short and plain statement explaining what happened and showing that Plaintiff is entitled to relief. The complaint contains only general allegations that Defendants violated Plaintiff's rights, which are essentially just legal conclusions. Plaintiff does not provide the factual detail necessary for the Court to understand exactly what occurred or whether anyone may be held legally responsible for violating her rights. *See Iqbal*, 556 U.S. at 678 (a complaint must "allow[] the [C]ourt to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged" ).

In light of Plaintiff's *pro se* status, and in an abundance of caution, the Court grants Plaintiff leave to file an amended complaint to provide more information about the events giving rise to this action.

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

**B.     Issues with the Named defendants**

    **1.     HUD**

Plaintiff's claims against HUD must be dismissed. The doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, including suits against federal agencies, unless sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *see Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived.").

The Federal Tort Claims Act, codified at 28 U.S.C. §§ 2671-80 ("FTCA"), provides for a waiver of sovereign immunity for certain claims for monetary damages arising from the tortious conduct of federal government officers of employees acting within the scope of their office or employment. *See* 28 U.S.C. § 1346(b)(1). But before bringing a claim in a federal district court under the FTCA, a claimant must first exhaust their administrative remedies by filing a claim for monetary damages with the appropriate federal government entity and must receive a final written determination. *See* 28 U.S.C. § 2675(a); *Phillips v. Generations Family Health Ctr.*, 723 F.3d 144, 147 (2d Cir. 2013).

Pursuant to the FTCA, tort claims against the United States must be "presented in writing to the appropriate Federal agency within two years after such claim accrues" or an action must be commenced within six months of when the agency issued its final denial of administrative remedy. *Roberson v. Greater Hudson Valley Family Health Ctr., Inc.*, ECF 1:17-CV-7325, 17, 2018 WL 2976024, at *2 (S.D.N.Y. June 12, 2018); *see also* 28 U.S.C. § 2401(b). "Failure to exhaust the agency's administrative remedies within the statute of limitations will render the claim 'forever barred.'" *See id.* (citing *Castellanos v. Elrac Inc.*, No. 07-CV-2191 (DLE)

4

(KAM), 2008 WL 919641, at *2 (E.D.N.Y. Apr. 3, 2008)). The exhaustion requirement is jurisdictional and cannot be waived. *Celestine v. Mount Vernon Neighborhood Health Cir.*, 403 F.3d 76, 82 (2d Cir. 2005).

Here, Plaintiff does not allege that she has exhausted her administrative remedies. The Court therefore dismisses all claims brought against HUD under the doctrine of sovereign immunity.[3] *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

### 2. Judge Valerie Pels

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam). "[A]cts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209 (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation and would thus lose . . . independence[.]" *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (internal quotation marks omitted).

Plaintiff fails to allege any facts to suggest that Judge Pels acted beyond the scope of her judicial responsibilities or outside of her jurisdiction. *See Mireles*, 502 U.S. at 11-12. To the extent Plaintiff sues Judge Pels for acts arising out of, or related to, individual cases before her, she is immune from suit for money damages. *Bliven*, 579 F.3d at 210.

Although judicial immunity does not bar a claim for prospective injunctive and declaratory relief, *Shtrauch v. Dowd*, 651 F. App'x 72, 73 (2d Cir. 2016) (summary order), a

---

[3] Any FTCA claim are dismissed without prejudice should Plaintiff file a complaint after exhausting administrative remedies.

court's ability to award injunctive relief against a judicial officer under Section 1983 is strictly limited. Under Section 1983, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Plaintiff is not entitled to injunctive relief against Judge Pels because Plaintiff has alleged neither the violation of a declaratory decree, nor the unavailability of declaratory relief. *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999) (per curiam). Declaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order. *Davis v. Campbell*, No. 13-CV-693, 2014 WL 234722, at *9 (N.D.N.Y. Jan. 22, 2014)); *see United States ex rel. Van Stuyvesant v. Swain*, No. 24-CV-3598, 2024 WL 3105588, at *2 (S.D.N.Y. June 20, 2024) (Engelmayer, J.) (dismissing plaintiff's claims for injunctive relief against several judges, in part because plaintiff did not seek to remedy a prospective harm). Plaintiff has also not alleged that she is unable to appeal any state court proceedings.

The Court dismisses Plaintiff's claims against Judge Pels based on absolute judicial immunity. Plaintiff claims against Judge Pels are frivolous, and therefore fail to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the IFP statute].").

### 3. Comptroller Lander

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A

6

defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts about how Defendant Lander was personally involved in the events giving rise to this action. Plaintiff's claims are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). The Court grants Plaintiff 30 days' leave to amend her complaint.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: July 21, 2025
New York, New York

                                                  /s/ Louis L. Stanton
                                                            Louis L. Stanton
                                                                  U.S.D.J.